IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02590-BNB

WILLIE T. HAYES,

     Applicant,

v.

JAMES FALK, D.O.C., Sterling Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN SUTHERS,

     Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Willie T. Hayes, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Bent County Correctional

Facility in Las Animas, Colorado.  Mr. Hayes initiated this action by filing *pro se* an

Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1)

challenging the validity of his conviction in Denver District Court case number

11CR3347.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On October 19, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to

file a pre-answer response limited to raising the affirmative defenses of timeliness under

28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. §

2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this

action.  On December 14, 2012, after being granted an extension of time, Respondents

filed their pre-answer response (ECF No. 13) arguing that Mr. Hayes' claims are

unexhausted and procedurally defaulted.  On February 12, 2013, after being granted an

extension of time, Mr. Hayes filed a reply (ECF No. 26) to the pre-answer response.

The Court must construe liberally the habeas corpus application and other documents filed by Mr. Hayes because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

## I. Background and State Court Proceedings

Mr. Hayes was arrested and charged with second-degree burglary and possession of burglary tools. ECF No. 1 at 14. On November 14, 2011, he pleaded guilty to an added count of attempted criminal trespass, and the original two counts were dismissed. *Id.* On January 23, 2012, Mr. Hayes was sentenced to eighteen months of imprisonment, plus a year of mandatory parole. *Id.*; *see also* ECF No. 13, ex. A (state court register of actions) at 4.

Mr. Hayes did not file a direct appeal. *See* ECF No. 13, ex. A at 4. Instead, on March 26, 2012, he filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court denied on July 30, 2012. *Id.*; *see also* ECF No. 1 at 14-16. Next Mr. Hayes petitioned the Colorado Supreme Court for a writ of mandamus pursuant to Rule 21 of the Colorado Appellate Rules, raising the two claims he asserts here. ECF No. 1 at 18, 15. On September 6, 2012, the Colorado Supreme Court denied the Colo. R. App. P. 21 petition without a hearing. ECF No. 1 at 24; ECF No. 13, ex. A at 3.

On September 13, 2012, Mr. Hayes appealed the trial court's denial of his Colo.

2

R. Crim. P. 35(c) postconviction motion.  ECF No. 13, ex. A at 3, ex. B (advisement of filing notice of appeal).  On September 28, 2012, Mr. Hayes filed his habeas corpus application pursuant to § 2254 in this Court.  He asserts two claims:

> (1) "The complaint and information contain the wrong address, therefore the court is without jurisdiction."  ECF No. 1 at 5.

> (2) "The plea is invalid because the court was without jurisdiction and [the plea] is based on misrepresentation."  *Id.* at 8.

On October 3, 2012, he moved to dismiss the appeal from the denial of his Colo. R. Crim. P. 35(c) motion, ECF No. 13, ex. A at 3, and on October 17, 2012, the Colorado Court of Appeals granted his request.  ECF No. 13, ex. A at 3, exs. C (motion to dismiss appeal) and D (mandate on order dismissing appeal).

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  However, Respondents do raise the affirmative defense of exhaustion of state court remedies.  More specifically, Respondents contend that Mr. Hayes' asserted claims are unexhausted and procedurally barred.

## II. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

3

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas corpus applicant "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Harris v. Reed*, 489 U.S. 255, 269-70 (1989)); *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under

4

state law if the petitioner returned to state court to exhaust it.") (citation omitted).  A claim is precluded from federal habeas review if the claim has been defaulted in state court on an independent and adequate state procedural ground, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

Application of this procedural-default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman*, 501 U.S. at 730.  Mr. Hayes' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Hayes must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Hayes can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

A fundamental miscarriage of justice occurs when "a constitutional violation has

5

probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Hayes first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* He then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

### III.  Asserted Claims

Respondents argue that Mr. Hayes failed to satisfy the exhaustion requirement as to his asserted claims. They specifically contend Mr. Hayes presented his claims in state court by raising them in his Colo. R. Crim. P. 35(c) postconviction motion. ECF No. 1 at 15. When the trial court denied the motion, Mr. Hayes appealed, but then moved for dismissal of the appeal, which the Colorado Court of Appeals granted. ECF No. 13, exs. A at 3, B, C, and D. As a result, Mr. Hayes has failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The mandamus petition Mr. Hayes filed in the Colorado Supreme Court does not constitute fair presentation because if a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair

presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation).  The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ.  *See* Colo App. R. 21; *see also Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).  Furthermore, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument.  *Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996).  Therefore, the Court finds that Mr. Hayes' claims were not fairly presented to the state courts and are not exhausted.

Respondents further contend Mr. Hayes' claims are barred by the doctrine of anticipatory procedural default.  They argue that the claims would be barred as successive if he attempted to return to state court to exhaust them because Mr. Hayes already raised them in state court.  *See* Colo. R. Crim. P. 35(c)(3)(VI) (with exceptions not applicable here, district courts must deny postconviction claims raised in a defendant's previous postconviction motion).  The fact that the state court to which Mr. Hayes would be required to present his claims to meet the exhaustion requirement would now find the claims procedurally barred pursuant to Colo. R. Crim. P. 35(c)(3)(VI) constitutes a procedural default on an independent and adequate state procedural ground.  As a result, the Court finds that Mr. Hayes' claims are anticipatorily defaulted, *see Anderson*, 476 F.3d at 1139 n.7, unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  He

fails to do so.  The claims, therefore, are procedurally barred from federal habeas review, and will be dismissed.

## IV.  <u>Conclusion</u>

The habeas corpus application (ECF No. 1) will be denied because the asserted claims are procedurally barred.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Hayes files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed because the asserted claims are procedurally barred.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that a copy of this order be emailed to ca10_team1@ca10.uscourts.gov for United States Court of Appeals for the Tenth Circuit Case No. 13-1161, in which Mr. Hayes on April 22, 2013, filed a petition for extraordinary writ of mandamus.

DATED at Denver, Colorado, this __26th__ day of ___April_____, 2013.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court